IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TIMATHY A. BENNINGER,

        Plaintiff,

    v.

RICK HOYT, *et al.*,

        Defendants.

Civil Action No.
3:17-CV-0985 (GTS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

TIMATHY A. BENNINGER, *Pro se*
114772
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902

FOR DEFENDANTS:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Timathy A. Benninger against three New York State parole officers pursuant to 42 U.S.C. § 1983 alleging that they deprived him of his civil rights. Plaintiff's

complaint and accompanying application to proceed *in forma pauperis* ("IFP") have been forwarded to me for review.

For the reasons set forth below, plaintiff's IFP application is granted, and I recommend that his complaint be accepted only with respect to his excessive force cause of action asserted against defendant Palm.

I.   BACKGROUND

Plaintiff commenced this action on September 5, 2017. Dkt. No. 1. In his complaint, which was submitted on a pre-printed form designed for use in filing civil rights actions under 42 U.S.C. § 1983 in the Western District of New York, plaintiff claims that on or about August 18, 2015, defendant Aaron Palm, a senior New York State parole officer from Binghamton, New York, applied excessive force by aiming a loaded firearm at the back of his head while plaintiff was being placed into mechanical restraints, and then "yanked hard on the handcuffs to perposely [sic] cause pain as he dragged [plaintiff] to [defendant Palm's] vehicle." *Id.* at 5. Plaintiff further alleges that defendants Rick Hoyt and Scott Cook, who are also listed as New York State parole officers, violated his rights to equal protection, falsely arrested him, and engaged in malicious prosecution by harassing him, falsely accusing him of parole violations, and treating him with "Bias and prejused [sic]." *Id.* at 5-6. In his complaint, plaintiff seeks recovery of

2

$1.6 million "and [a] full investigation into any and all violations and treatment of all parolee's [sic]." *Id.* at 6.

II. DISCUSSION

    A. Plaintiff's IFP Application

At the time plaintiff filed his complaint, he also submitted an IFP application that was supported by a prison certification and inmate authorization form. Dkt. Nos. 2, 4. When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.[1] 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[2]

---

[1] The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. 28 U.S.C. § 1915(b)(3).

[2] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

### B. Sufficiency of Plaintiff's Complaint

#### 1. Standard of Review

Because I have found plaintiff satisfies the financial criteria for commencing this case IFP, I must consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. §§ 1915(e), 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable

5

basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under sections 1915(e) and 1915A, the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Analysis</u>

        a.    <u>Plaintiff's Claims Asserted Against Defendants Hoyt and Cook</u>

Plaintiff's second cause of action asserts three independent claims against defendants Hoyt and Cook, including the denial of equal protection, false arrest, and malicious prosecution. Dkt. No. 1 at 6. I have addressed each claim separately below.

           i.    <u>Equal Protection</u>

The equal protection clause of the Fourteenth Amendment directs state actors to treat similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state a cognizable

equal protection cause of action, a plaintiff must allege sufficient facts that plausibly suggest that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an identifiable or suspect class. *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995).

The allegations supporting plaintiff's equal protection claim only conclusorily accuse defendants Hoyt and Cook of bias, prejudice, and frivolous harassment. Dkt. No. 1 at 6. There are no allegations in the complaint that suggest plaintiff is a member of an identifiable or suspect class, that defendants' conduct was directed at an identifiable or suspect class, or that plaintiff was treated differently than others similarly situated. *Id.* Because the complaint fails to allege the necessary elements of an equal protection claim, I recommend this claim be dismissed.

ii.  False Arrest

Although it is not exactly clear from plaintiff's complaint whether he asserts a false arrest claim against defendants Hoyt and Cook under section 1983 or New York State law, in the Second Circuit, the two torts are "substantially the same" except for "the requirement that the constitutional tort be under color of state law." *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir.1991) (quotation marks and citation omitted); *see Jacques*

8

*v. Sears, Roebuck & Co.*, 30 N.Y.2d 466, 473 (1972). "Under New York law, the elements of a false imprisonment claim are (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quotation marks, brackets, and citations omitted).

   Plaintiff's complaint fails to allege a plausible false arrest claim against defendants Hoyt and Cook primarily because there are no allegations in the complaint that suggest defendants Hoyt and Cook were involved in arresting or otherwise confining plaintiff at any time. Dkt. No. 1 at 5-6. While the complaint alleges that plaintiff was arrested on or about August 18, 2015, defendant Palm was allegedly responsible for executing the arrest. *Id.* at 5. Moreover, plaintiff's allegations concerning defendants Hoyt and Cook purportedly involve a large time period of between June 2012 and August 2015. *Id.* at 6. Notwithstanding the absence of any allegations suggesting that either defendant Hoyt or Cook confined plaintiff, there are also no allegations whatsoever concerning the other required elements of a false arrest claim, including that defendants intended to confine plaintiff or that it was not otherwise privileged.

9

Accordingly, I recommend that plaintiff's false arrest claim be dismissed.

### iii.     Malicious Prosecution

As with plaintiff's false arrest claim, it is unclear based on the complaint whether plaintiff asserts the cause of action under section 1983 or New York State law. Dkt. No. 1 at 6. To state a cognizable section 1983 malicious prosecution claim against a state actor, a complaint must allege "a violation of [the plaintiff's] rights under the Fourth Amendment," as well as "the elements of a malicious prosecution claim under state law." *Manganiello v. City of N.Y.*, 612 F.3d 149, 16061 (2d Cir. 2010). Under New York law, to state a claim for malicious prosecution, a plaintiff must allege facts plausibly suggesting the following four elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello*, 612 F.3d at 161 (quotation marks omitted); *accord, Caidor v. M&T Bank*, No. 05-CV-0297, 2006 WL 839547, at *7 (N.D.N.Y. Mar. 27, 2006) (Scullin, J.).

The complaint in this case contains no information whatsoever concerning any criminal proceeding initiated against plaintiff, including for parole violations, nor does it disclose the outcome of any resulting

proceeding so that the court can attempt to determine whether the proceeding was terminated in plaintiff's favor. Dkt. No. 1 at 6. Similarly, the complaint fails to allege facts that might suggest the defendants lacked probable cause for commencing the proceeding, and is devoid of any facts suggesting that defendants' actions were motivated by actual malice. *Id.* Accordingly, I recommend that plaintiff's malicious prosecution cause of action asserted against defendants Hoyt and Cook be dismissed.

b. <u>Plaintiff's Claim Asserted Against Defendant Palm</u>

Plaintiff asserts an excessive force cause of action under the Fourteenth Amendment against defendant Palm. Dkt. No. 1 at 5. Plaintiff alleges that, on or about August 18, 2015, defendant Palm used excessive force during plaintiff's arrest by aiming a loaded gun at his head, "yank[ing] hard" on plaintiff's handcuffs for the sole purpose of causing him harm, and then dragging plaintiff to defendant Palm's vehicle. *Id.* Mindful of the court's obligation to liberally construe a *pro se* litigant's pleadings, I find that plaintiff's complaint alleges sufficient facts to survive review under sections 1915(e) and 1915A and to require defendant Palm to respond to the complaint.[3]

---

[3] The court expresses no opinion as to whether plaintiff's complaint could withstand a properly filed motion to dismiss or motion for summary judgment concerning this cause of action.

11

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,*

*Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, because it is possible that, with better pleading, plaintiff could cure the deficiencies identified in this report with respect to his equal protection, false arrest, and malicious prosecution claims asserted against defendants Hoyt and Cook, I recommend that he be granted leave to amend his complaint.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in

any constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.  SUMMARY, ORDER, AND RECOMMENDATION

Because plaintiff's application for leave to proceed without prepayment of fees is complete and demonstrates his entitlement to that status, his IFP application will be granted.

Upon review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, I conclude that it fails to allege sufficient facts to state a cognizable equal protection, false arrest, and malicious prosecution cause of action against defendants Hoyt and Cook. In deference to plaintiff's *pro se* status, however, I find that defendant Palm should be directed to

respond to the complaint insofar as it asserts an excessive force claim. Accordingly, it is hereby

ORDERED that plaintiff's application for leave to proceed in this action *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be ACCEPTED for filing only with respect to plaintiff's excessive force claim against defendant Aaron Palm, but that plaintiff's equal protection, false arrest, and malicious prosecution claims, asserted against defendants Rick Hoyt and Scott Cook be DISMISSED with leave to replead within thirty days of the date of any decision and order adopting this report.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[4] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

15

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated: November 3, 2017
        Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge