UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY A. BENNINGER,

                              Plaintiff,

                                                    3:17-CV-0985
v.                                                  (GTS/DEP)

RICK HOYT, Parole Officer;
SCOTT COOK, Parole Officer, and
AARON PALM, Sr. Parole Officer,

                              Defendants.
_____

APPEARANCES:

TIMOTHY A. BENNINGER, 17-B-3226
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Timothy A.

Benninger ("Plaintiff") against the three above-captioned New York State parole officers

("Defendants"), is U.S. Magistrate Judge David E. Peebles' Report-Recommendation

recommending that Plaintiff's Fourteenth Amendment equal protection, false arrest, and

malicious prosecution claims against Defendants Hoyt and Cook be dismissed with leave to

replead but that Plaintiff's Fourteenth Amendment excessive force claim against Defendant Palm

should remain pending in the action.  (Dkt. No. 7.)   Plaintiff has not filed an objection to the

Report-Recommendation and the deadline in which to do so has expired.  For the reasons set

forth below, the Report-Recommendation is adopted in its entirety.

When, as here, *no* objection is made to a report-recommendation, the Court subjects that report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*: *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1. (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Based upon a review of this matter, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 7.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 7) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Plaintiff's equal protection, false arrest, and malicious prosecution claims against Defendants Hoyt and Cook are *sua sponte* **<u>DISMISSED</u>** from Plaintiff's Complaint (Dkt. No. 1) **with leave to replead within THIRTY (30) DAYS** from the date of this Decision and Order;

**ORDERED** that **SURVIVING** the Court's *sua sponte* review of Plaintiff's Complaint (Dkt. No. 1) is Plaintiff's excessive force claim against Defendant Palm; and it is further

2

**ORDERED** that the Clerk of Court is directed to issue a Summons for Defendant Palm and forward it, along with copies of the Complaint and a USM-285 Form, to the U.S. Marshal for service upon Defendant Palm.

Dated: December 12, 2017
       Syracuse, New York

HON. GLENN T. SUDDABY
United States District Judge